IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IRA BRADLEY, | ) | |
|     Plaintiff, | ) | Civil Action No. 11-35Erie |
| | ) | |
| v. | ) | |
| | ) | |
| MR. FLINCHBAUGH, et al, | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

# MEMORANDUM OPINION AND ORDER[1]

M.J. Susan Paradise Baxter

    This civil action was filed in this Court on February 11, 2011.  Plaintiff, a former state prisoner, brought this civil rights action under 42 U.S.C. § 1983 alleging that his constitutional rights were violated during his incarceration.  Plaintiff alleges that Defendants failed to protect him from attack by a fellow inmate.  Named as Defendants are: Mr. Flinchbaugh, Unit Manager; Lt. Irwin; Correctional Officer Kindle; Sgt. Edmonds; Lt. McConnell; and the Commonwealth of Pennsylvania.

    Defendants filed a partial motion to dismiss, as well as an Answer to the Complaint.  ECF Nos. 8, 10.  Plaintiff has filed a brief in opposition to the pending dispositive motion.  ECF No. 14.  The issues are fully briefed and are ripe for disposition by this Court.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.  See ECF Nos. 2, 12.

A. **Standards of Review**

    1) *Pro Se* **Litigants**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

    **2) Motion to dismiss pursuant to 12(b)(6)**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12

(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S.  265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit subsequently expounded on the Twombly/Iqbal/Phillips line of cases:

3

> To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.'
>
> * * *
>
> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to 'show' such an entitlement with its facts. As the Supreme Court instructed in Iqbal, '[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief.' This 'plausibility' requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (emphasis added) (internal citations omitted).

## B. Eleventh Amendment Immunity

Defendants argue that the Commonwealth of Pennsylvania should be dismissed as it is immune under the Eleventh Amendment. The Eleventh Amendment proscribes actions in the federal courts against states, their agencies, and state officials acting within their official capacities. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981) (Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977) (state agencies); Edelman v. Jordan, 415 U.S. 651 (1974) (state employees acting in their official capacity). The only ways that a state may be sued in federal court are if: (1) the state has waived its Eleventh Amendment immunity (Kentucky v. Graham, 473 U.S. 159 (1985)), or (2) Congress has made it unmistakably clear in either the language of a statute or in its legislative history that it is its intention to permit such

4

suits (<u>Board of Trustees of the University of Alabama v. Garrett</u>, 531 U.S. 356 (2001)). Neither of these is evidenced here.

Accordingly, the motion to dismiss will be granted in this regard and the Commonwealth of Pennsylvania will be dismissed from this action.

### C. *Respondeat Superior*

In their partial motion to dismiss, Defendants argue that Lt. McConnell should be dismissed from this case because Plaintiff has failed to sufficiently allege his personal involvement.

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. <u>Ashcroft v. Iqbal</u>, ___ U.S. at ___, 129 S.Ct. at 1949 ("In a § 1983 suit or a *Bivens* action – where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); <u>Oliver v. Beard</u>, 358 Fed.Appx 297, 300 (3d Cir. 2009). It is well-settled law that *respondeat superior* is not an "appropriate theory" for asserting supervisory liability in a § 1983 civil rights action. See <u>Monell v. Dep't of Social Serv.</u>, 436 U.S. 658 (1978) <u>Robinson v. City of Pittsburgh</u>, 120 F.3d 1286, 1293-1295 (3d Cir. 1997).

In order for an individual defendant to be found liable in a civil rights action, the individual "must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*." <u>Evancho v. Fisher</u>, 423 F.3d 347, 353 (3d Cir. 2005). <u>See</u> also <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). The supervisor must be personally involved in the alleged misconduct. <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of

5

actual knowledge and acquiescence." Thomas v. Independence Twp., 463 F.3d 285, 298 (3d Cir. 2006) quoting Rode, 845 F.2d at 1207.

In his complaint, Plaintiff mentions Defendant McConnell only in that he spoke with Plaintiff after the assault. ECF No. 4, page 4. This allegation does not rise to the level of personal involvement sufficient to state a claim against Defendant McConnell as Plaintiff only alleges that McConnell became personally involved following the assault and then only in his capacity as a supervisory officer. Therefore, he could not have played any "affirmative part" in the alleged constitutional violation. Cooper v. Beard, 2006 WL 3208783, at * 14 (E.D. Pa. 2006).

In his Opposition Brief, Plaintiff further explains his theory of liability as to McConnell:

> As to Mr. McConnell being dismissed from the lawsuit, I wouldn't feel comfortable with that since Mr. McConnell stated that I was merely stuck in the cheek, when the wound clearly shows that I was stabbed in the face, close to my neck with a pencil. He downplayed something that could have ended my life.

ECF No. 14, page 3.

Plaintiff's explanation of his claim against Defendant McConnell only serves to clarify that he seeks to impose liability upon him in his capacity as an investigating officer only after the physical altercation had occurred. The law is clear that if an official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official. Rode, 845 F.2d at 1208; Cooper, 2006 WL 3208783, at * 14. Accordingly, the motion to dismiss will be granted as to Defendant McConnell as Plaintiff has failed to sufficiently allege his personal involvement in order to state a claim against him.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IRA BRADLEY, | ) | |
|     Plaintiff, | ) | Civil Action No. 11-35Erie |
| | ) | |
| v. | ) | |
| | ) | |
| MR. FLINCHBAUGH, et al, | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

**O R D E R**

AND NOW, this 13th day of December 2011;

IT IS HEREBY ORDERED that Defendants' partial motion to dismiss [ECF No. 8] be GRANTED. The Clerk of Courts is directed to terminate the Commonwealth of Pennsylvania and Lt. McConnell as parties to this action.

A Case Management Order will be issued separately.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge