IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IRA BRADLEY, | ) | |
| Plaintiff, | ) | Civil Action No. 11-35Erie |
| | ) | |
| v. | ) | |
| | ) | |
| MR. FLINCHBAUGH, et al, | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER[1]

M.J. Susan Paradise Baxter

     This civil action was filed in this Court on February 11, 2011.  Plaintiff, a former state prisoner, brought this civil rights action under 42 U.S.C. § 1983 alleging that his constitutional rights were violated during his incarceration.  Plaintiff claims that Defendants failed to protect him from attack by a fellow inmate at SCI Albion on February 13, 2009.   In his Complaint, Plaintiff alleges:

> Inmate Gary Brooks (person who stabbed me).  CO Mr. Kindle who knew of the issues between Mr. Brooks and myself got with the Unit Manager Mr. Flinchbaugh and did nothing to protect myself from Mr. Brooks except move him to a different cell on the same housing unit.  I was then called down to speak to Lt. Irwin who authorized the move.  Although he stated that he would separate us on different sides of the institution but failed to do as he promised.  Then during the lunch hour while being attacked by Mr. Brooks[,] Sgt. Edmonds failed to respond and protect by not even noticing the attack.

ECF No. 4, pages 3-4.[2]  Named as Defendants are: Mr. Flinchbaugh, Unit Manager; Lt. Irwin; Correctional Officer Kindle; Sgt. Edmonds; Lt. McConnell; and the Commonwealth of

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.  See ECF Nos. 2, 12.

1

Pennsylvania. Defendants McConnell and the Commonwealth have previously been dismissed from this case.

The remaining Defendants have filed a motion for summary judgment. ECF No. 23. Plaintiff has filed a brief in opposition to the pending dispositive motion. ECF No. 29. The issues are fully briefed and are ripe for disposition by this Court.

**A. Standards of Review**

    **1)** *Pro Se* **Litigants**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard);

---

[2] The record before this Court demonstrates that Inmate Gary Brooks was charged with aggravated assault, simple assault and reckless endangerment in the Erie County Court of Common Pleas by the Pennsylvania State Police. ECF No. 26-2, pages 19-22. The charges were later *nolle prossed*. Id.

Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

### 2) Motion for summary judgment

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004).

Under Rule 56, a party opposing a motion for summary judgment must cite to specific materials in the record that demonstrate the existence of a disputed issue of material fact. See Fed.R.Civ.P. 56(c)(1)(A). A material fact is a fact that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For an issue to be genuine, "all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Id. at 249. "If the non-moving party bears the burden of persuasion at trial, 'the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden.'" Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) quoting Wetzel v. Tucker, 139 F.3d 380, 383 n.2 (3d Cir. 1998).

The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim.

3

Celotex, 477 U.S. at 322.  See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment).  The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).[3]

### B)    The Failure to Protect Claims

In the context of protecting prisoners from violence at the hands of other prisoners, it is well-settled that injury at the hands of a fellow prisoner, in and of itself, does not amount to an Eighth Amendment violation.  Bistrian v. Levi, 696 F.3d 352, 367 (3d Cir. Sept. 24, 2012) citing Farmer, 511 U.S. at 834 ("It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety.").  But see Smith v. Mensinger, 293 F.3d 641, 651 (3d Cir. 2002) ("the restriction on cruel and unusual punishment contained in the Eighth Amendment reaches non-intervention just as readily as it reaches the more demonstrable brutality of those who unjustifiably and excessively employ fists, boots or clubs.").  To establish an Eighth Amendment

---

[3] When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material.  Anderson, 477 U.S. at 255.  The court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  See also El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).  However, a court need not "turn a blind eye to the weight of the evidence." Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

claim against prison staff based on a failure to protect theory, a plaintiff must demonstrate: "(1) he was incarcerated under conditions posing a substantial risk of serious harm, and (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." Bistrian, 696 F.3d at 651, citing Farmer, 511 U.S. at 834.

To establish that defendants acted with "deliberate indifference," he must prove that (1) officials were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and (2) the officials actually drew the inference. Heggenmiller v. Edna Mahan Corr. Inst., 128 Fed.Appx 240, 246-47 (3d Cir. 2005) citing Farmer, 511 U.S. at 837. Moreover, the prison official "must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001).

The evidence reflects that on the morning of February 13, 2009, Plaintiff and his cellmate Gary Brooks were arguing and generally not getting along. In his Declaration, Unit Manager Flinchbaugh explains:

> Lt. Irwin and I … spoke with Inmate Bradley and with Inmate Brooks, separately, and confirmed that they were having a verbal altercation and were not getting along as cell mates. Lt. Irwin and I decided to split them up, and Inmate Brooks was moved to another cell. This type of report is common with cell mates and we frequently deal with these types of situations, given the size of the institution. Moving inmates to different cells is a common and effective method of avoiding potential confrontations that could turn violent.
>
> There was no report or evidence of any physical altercation between Bradley and Brooks. Neither one had engaged in any apparent misconduct or rule violations. Inmate Brooks was not threatening Inmate Bradley, and Inmate Bradley never told us or even hinted that Inmate Brooks had threatened him. Bradley certainly did not express any fear for his safety that morning. The two cell mates simply were not getting along and their dispute had only been verbal. We had no reason to believe or expect that Brooks presented any sort of risk to Bradley.

ECF No. 26-2, pages 13-14, ¶¶ 3-4.

Furthermore, in his Declaration, Captain Randy Irwin explains that after receiving a report about Bradley and Brooks:

> I called out Inmate Bradley and Brooks separately, and Unit Manger Flinchbaugh and I met with each one. They had been arguing over various things – there had been no physical altercation, just verbal. We decided to split them up, and Inmate Brooks was moved to another cell. I believe I even asked them if a cell change was good enough and both agreed. This kind of situation is reported almost daily and moving inmates to different cells is a common method of dealing with verbal confrontations.
>
> There was no reason to offer protective custody to Bradley that morning, and Inmate Bradley did not request it. There was no report or evidence of any psychical altercation between Bradley and Brooks, Inmate Brooks was not threatening Inmate Bradley, and no one had engaged in any apparent misconduct or rule violations. Inmate Bradley never told us or even hinted that Inmate Brooks had threatened him. Bradley certainly did not express any fear for his safety that morning. The two cell mates simply were not getting along and their dispute had only been verbal. We had no reason to believe or expect that Brooks presented any sort of risk to Bradley.

ECF No. 26-2, pages 16-17, ¶¶ 2-3.

In his own victim statement to the Pennsylvania State Police on the date of the attack, Plaintiff characterized the morning incident as nothing more than "an exchange of words." ECF No. 26-1, page 2. There is nothing in the evidence to suggest that prison officials acted with deliberate indifference as they were not aware of any facts from which the inference could be drawn that a substantial risk of serious harm existed. See Farmer, 511 U.S. at 837.

In opposition to a fully support motion for summary judgment, Plaintiff must come forward with specific evidence establishing a disputed issue of material fact in order to defeat the motion for summary judgment. Celotex, 477 U.S. at 322. Instead, in his opposition to the motion for summary judgment, Plaintiff makes a purely factual argument, one which differs in

material respects from the allegations of his complaint (as well as his own written statement to the Pennsylvania State Police).

In his opposition, Plaintiff explains that he and his cell mate were being investigated for a claim of assault and that because of a lack of evidence Brooks was told to move to another cell which then allowed "… a potential attack to come about while inmate Brooks claim was investigated and overlooked as not serious enough to have the two inmates separated [sic] based off the claim that was taken to the proper authorities." ECF No. 29, page 2.  Furthermore, Plaintiff claims that he "repeatedly requested at that time to be moved to a different housing unit, but the request was denied even after mentioning that inmate Brooks was unstable and capable of bodily harm."  Id.  Plaintiff characterizes Brooks as "mentally unstable" and "visually upset" upon being told to move to another cell.  Id.  It is Plaintiff's position that Defendants were deliberately indifferent to these warning signs.

Plaintiff's present telling of the events of February 13, 2009, has changed significantly since the time of the event (as recounted by him in his own hand in his victim statement to Pennsylvania State Police, as well as his grievance), and importantly for this Court's purposes, the present telling is not evidence that creates a material issue of fact in order to defeat a well-supported motion for summary judgment.  See Williams, 891 F.2d at 460-61 (non-movant must present affirmative evidence which supports each element of his claim to defeat a properly supported motion for summary judgment); Garcia, 2010 WL 2089639 (non-movant "must present more than bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue.").  Accordingly, the motion for summary judgment will be granted as to this claim.

### C)     The Failure to Intervene Claim against Defendant Edmunds

In his complaint, Plaintiff alleges that during the attack Defendant Edmunds "failed to respond and protect by not even noticing the attack." ECF No. 4, page 4.

A prison officer's failure to intervene constitutes an Eighth Amendment violation only if there was reasonable opportunity for the officer to intervene and he refused to do so. Smith v. Mensinger, 293 F.3d 641, 650 (3d Cir. 2002). In order to state a plausible failure-to-intervene claim, the plaintiff's allegations must suggest that the defendant both saw what happened and had a reasonable opportunity to intervene. See Whitehead v. Rozum, 2011 WL 6056617, *7 (W.D. Pa).

In this case, Plaintiff's own allegations indicate that Defendant Edmunds did not see the attack, and so, Plaintiff has not stated a failure-to-intervene claim against Defendant Edmunds under the law. Furthermore, the evidence before this Court confirms that Defendant Edmunds did not witness the attack. In his victim statement to the Pennsylvania State Police, Plaintiff wrote "none of the CO's in the dining hall was aware of what was going on, so I walked through the line and informed Sgt. Edmunds what had happened while I pulled the pencil out of my face." ECF No. 26-1, page 2. In his Grievance (#262446) dated February 19, 2009, Plaintiff complained that "I actually had to inform Sgt. Edmunds of the attack that had taken place in the dining hall under his supervision." Id. at page 5. Moreover, in Sgt. Edmonds' witness statement to the Pennsylvania State Police, he indicated that he only knew about the attack after Plaintiff informed him of it. ECF No. 26-2, page 11.

Because Plaintiff cannot show that Defendant Edmunds witnessed the attack and had a reasonable opportunity to intervene, summary judgment will be granted in favor of Defendant Edmunds.

An appropriate Order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IRA BRADLEY,** | ) | |
| **Plaintiff,** | ) | Civil Action No. 11-35Erie |
| | ) | |
| v. | ) | |
| | ) | |
| **MR. FLINCHBAUGH, et al,** | ) | Magistrate Judge Baxter |
| **Defendants.** | ) | |

## O R D E R

AND NOW, this 4th day of January, 2013;

IT IS HEREBY ORDERED that Defendants' motion for summary judgment [ECF No. 23] be GRANTED.

                                                        /s/ Susan Paradise Baxter
                                                        SUSAN PARADISE BAXTER
                                                        United States Magistrate Judge